UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DARRYL VACHON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| AKAL SECURITY, INC., and | ) |
| METROPOLITAN SECURITY | ) |
| SERVICES, INC. D/B/A | ) |
| WALDEN SECURITY, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT AKAL SECURITY, INC.'s NOTICE OF AND PETITION FOR REMOVAL

Defendant, AKAL SECURITY, INC. ("Defendant"), by and through its undersigned counsel and in accordance with the Federal Rules of Civil Procedure and Title 28, United States Code, §§1331, 1441, and 1446, hereby files this Notice of and Petition for Removal of this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. The removal of this action is based upon the following:

1. On or about December 19, 2019, Plaintiff, DARRYL VACHON ("Plaintiff") filed a Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, which was captioned "*Darryl Vachon v. Akal Security, Inc. and Metropolitan Security Services, Inc. d/b/a Walden Security*" (the "Circuit Court Case"). The Circuit Court Case was assigned Case No. 2019-CA-015404-O. A true and correct copy of

the Complaint filed in the Circuit Court Case, along with copies of all other process, pleadings, and orders on file in the Circuit Court Case are attached to Notice of and Petition for Removal as **Exhibit A** as required by 28 U.S.C. § 1446(a).

2. The three-count Complaint seeks relief for alleged handicap discrimination in violation of the Florida Civil Rights Act of 1992 ("FCRA") (Count I); alleged handicap retaliation in violation of the FCRA (Count II); and alleged discrimination in violation of the Family and Medical Leave Act, 29 U.S.C. Chapter 28 ("FMLA") (Count III).

3. Because Plaintiff has asserted a claim under the FMLA, this action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. §1331.

4. This Court may exercise supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. §1367 because they stem from the same set of facts as Plaintiff's FMLA claim and thus form part of the same case or controversy as Plaintiff's FMLA claim.

5. Defendant was served with the Complaint on January 22, 2020. As such, this Notice has been filed within thirty (30) days after service of the Complaint and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

6. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide written notice of the removal to all adverse parties in this action and will file a copy of this Notice of and Petition for Removal in the Circuit Court of the Ninth Judicial Circuit Court in and for Orange County, Florida.

7.   As of the date of filing this Notice of and Petition for Removal, no proof of service has been entered on the court docket as to co-Defendant, METROPOLITAN SECURITY SERVICES, INC. d/b/a WALDEN SECURITY. As such, upon information and belief, the named co-Defendant has not been served with this lawsuit. In fact, review of the docket shows that on February 6, 2020, Plaintiff voluntarily dismissed co-Defendant from the lawsuit by way of a Notice of Voluntary Dismissal Without Prejudice. Since the named co-Defendant has yet to be served, *and has been voluntarily dismissed from the lawsuit*, Defendant is not required to obtain its approval prior to the removal of this action. *See* 28 U.S.C. §1446(b)(2)(A) ("When a civil action is removed … all defendants *who have been properly joined and served* must join in or consent to the removal of the action") (emphasis added).

8.   The United States District Court for the Middle District of Florida, Orlando Division includes the judicial county in which Plaintiff filed his Complaint. Thus, removal is proper to this Court pursuant to 28 U.S.C. §1441(a).

WHEREFORE, Defendant, AKAL SECURITY, INC., respectfully removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 11th day of February, 2020.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:    (407) 246-8441

By: /s/ Lin J. Wagner
    Lin J. Wagner
    Florida Bar No. 0093138
    lin.wagner@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of February, 2020, the foregoing was electronically filed with the with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Mark G. Capron, Esq., Smith Feddeler & Smith, P.A., P.O. Drawer 1089, Lakeland, FL 33802.

/s/ Lin J. Wagner
Lin J. Wagner

4832-9491-3715, v. 1

# EXHIBIT A

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY FLORIDA
## CIVIL DIVISION

DARRYL VACHON,

    Plaintiff,

CASE NO.:

v.

AKAL SECURITY, INC., and
METROPOLITAN SECURITY SERVICES, INC.
D/B/A WALDEN SECURITY

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, DARRYL VACHON, by and through his undersigned attorney, hereby sues the Defendant, AKAL SECURITY, INC. and Defendant, METROPOLITAN SECURITY SERVICES, INC. D/B/A WALDEN SECURITY, and states the following:

## JURISDICTION

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00).

2. For all times material hereto, Plaintiff has been a resident of Lakeland, Polk County, Florida.

3. For all times material hereto, Defendants have been Foreign Profit Corporations, maintaining a business location in Orlando, Orange County, Florida, and regularly conducting substantial business activity in Orange County, Florida.

4. At all times material hereto, Defendant, Akal Security, Inc. and Defendant, Metropolitan Security Services, Inc. d/b/a Walden Security operated and maintained a business located in Orlando, Orange County, Florida, where it employed Plaintiff for all times material to this complaint. Defendant, Metropolitan Security Services, Inc. d/b/a Walden Security took over the security accounts from Defendant, Akal Security, Inc., on or about October 1, 2019 and from that date forward continued Plaintiff's employment.

5. All actions relevant to this Complaint occurred in Orange County, Florida.

6. All conditions precedent to the filing of this action have occurred, have been excused or have been waived, including the pre-suit requirements of Chapter 760.11, Florida Statutes.

## GENERAL ALLEGATIONS

7. For all times material to this claim, Defendants maintained and operated a business in Orlando, Florida, supplying security personnel for clients, including the Federal Courthouse in Orlando. Defendants employed Plaintiff to perform security services at the Federal Courthouse in Orlando.

8. Prior to and during his employment with Defendants, Plaintiff suffered from periodic, migraine headaches, for which he treated regularly with a medical physician.

9. Plaintiff experienced headaches up to three (3) times per week which were ordinarily well-controlled through over-the-counter medication or other management. On occasion, Plaintiff experienced "break-through" type headaches which are more severe in intensity and duration, which require the use of prescription medications, and which impair his ability to work. Plaintiff's treating physician confirmed that these occasionally severe headaches required the use of Vicodin which, in turn, impaired Plaintiff's ability to drive and his level of alertness.

10. These more severe and impairing headaches come on with little warning and require that Plaintiff miss work until the headaches abate. His physician confirmed that, historically, these severe headaches occur two to three times per month. Plaintiff's physician opined that, on the days when the severe headaches occur and Plaintiff is scheduled to work, he is required to miss work due to the severity of his condition. Otherwise, the physician confirmed that Plaintiff's headaches are not impairing, and Plaintiff can perform the essential functions of his job without the need for accommodation.

11. Plaintiff worked for Defendants for over four (4) years with the above-described condition and impairment without the need for any missed time or accommodation except on the few occasions when these severe headaches occurred and impaired his ability to work. On those days, he requested and received accommodation; namely, he was provided periodic, intermittent time-off.

12. Beginning August 9, 2018, however, Defendants refused to accommodate his handicap, disability and impairment any longer.  As of August 9, 2019, Defendants refused to allow Plaintiff to return to work in any capacity.  Plaintiff retained an attorney who complained the Employer discriminated against Plaintiff because of his handicap, by perceiving him handicapped when he was not, and by retaliating due to his past use of leave protected by the Family Medical Leave Act.  On November 15, 2018, Defendants allowed Plaintiff to return to work.

13. On December 10, 2018, Plaintiff missed work due to the severity of his migraine, as described above.  When he returned, Defendants changed his work schedule, changed his work hours and changed his work assignments.

14. For all times material to this claim Plaintiff made Defendants fully aware of his medical condition, as set forth above, and fully cooperated with Defendants by providing timely and bona fide medical evidence from his treating physician to verify his condition, his impairment and his need for intermittent leave and accommodation.

15. Plaintiff requested that Defendants accommodate his handicap, disability and impairment by allowing his periodic, intermittent leave due to the severity of his headaches, the medication required to treat those headaches and the impairment to his ability to drive and function.

## COUNT I: HANDICAPP DISCRIMINATION

16. Plaintiff re-alleges Paragraphs 1 through 15 as if fully alleged herein.

17. This Count is being brought and is seeking relief exclusively under Chapter 760, Florida Statutes, The Florida Civil Rights Act of 1992, and specifically those provisions which make it an unlawful employment practice to discriminate against or discharge an employee on the basis of handicap or because the employee is perceived or regarded as having a handicap.

18. At all times material hereto, Plaintiff is an "Employee," and Defendants is an "Employer" as defined by Section 760.02(7), Florida Statutes.

19. Plaintiff's headaches constituted a physical impairment that required on-going medical treatment and substantially limited his ability to work insofar as it prevented him from working, driving or being alert during the times when he was having a severe, "break-through" headache.

20. Defendants knew and were aware of Plaintiff's handicap but, after August 9, 2018, failed to provide reasonable, requested accommodations which would have allowed Plaintiff to perform the essential functions of his employment. It did not excuse Plaintiff's intermittent leave due to the headaches and the medications required to treat them. When Plaintiff had to miss work due to this condition, Defendants disciplined Plaintiff by refusing to allow him to work at all from August 9, 2018 to November 15, 2018, and by changing the terms, conditions and location of his employment thereafter.

21. Plaintiff's condition, disability, handicap and impairment, were substantially motivating factors in Defendant's actions set forth above. Alternatively, Defendants perceived and regarded Plaintiff as having a greater disability and handicap than he, in

fact, did and, as a result, refused to allow him to work and changed the terms, conditions and location of his employment as stated herein.

22. In addition, Plaintiff was required to obtain an attorney to represent her for this action and is entitled to the payment of reasonable attorney's fees and costs related to this action.

23. As a result, Plaintiff is entitled to the following damages: past and future pecuniary losses including lost wages and other financial and fringe benefits of employment, emotional pain, suffering, inconvenience, mental anguish, embarrassment, anxiety, loss of dignity, attorney's fees and costs, and other non-pecuniary and intangible injuries.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, Including compensatory damages, litigation expenses or costs and such further relief as this Court deems proper and just.

**COUNT II: HANDICAP RETALIATION**

24. Plaintiff re-alleges Paragraphs 1 through 15 as if fully alleged herein.

25. This Count is being brought and is seeking relief exclusively under Chapter 760, Florida Statutes, The Florida Civil Rights Act of 1992, and specifically those provisions which make it an unlawful employment practice to discriminate against or discharge an employee on the basis that the employee made a charge, testified, assisted or participated in any matter in an investigation, proceeding or hearing under the Act.

26. At all times material hereto, Plaintiff is an "Employee," and Defendants is an "Employer" as defined by Section 760.02(7), Florida Statutes.

27. Plaintiff's headaches constituted a physical impairment that required on-going medical treatment and substantially limited his ability to work insofar as it prevented him from working, driving or being alert during the times when he was having a severe, "break-through" headache.

28. Defendants knew and was aware of Plaintiff's handicap but failed to provide reasonable, requested accommodations which would have allowed Plaintiff to perform the essential functions of his employment.

29. When Plaintiff requested intermittent time-off due to his handicap, the Defendants retaliated by refusing to allow him to work at all from August 9, 2018 to November 15, 2018, and by changing the terms, conditions and location of his employment thereafter.

30. Employment Opportunity Commission, based on Defendant's failure to either accommodate his work restrictions and limitations or to protect his job when he was required to take leave from work due to his medical condition.

31. Defendants were aware Plaintiff had filed this charge and, on or about February 18, 2019, terminated Plaintiff's employment.

32. Plaintiff's request for intermittent leave and accommodations were a substantially motivating factor in Defendant's actions and decisions to prevent Plaintiff's employment and alter the terms, conditions and location of his employment as described above.

33. In addition, Plaintiff was required to obtain an attorney to represent her for this action and is entitled to the payment of reasonable attorney's fees and costs related to this action.

34. As a result, Plaintiff is entitled to the following damages: past and future pecuniary losses including lost wages and other financial and fringe benefits of employment, emotional pain, suffering, inconvenience, mental anguish, embarrassment, anxiety, loss of dignity attorney's fees and costs, and other non-pecuniary and intangible injuries.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, including compensatory damages, litigation expenses or costs and such further relief as this Court deems proper and just.

### III:  FMLA DISCRIMINATION

35. Plaintiff re-alleges Paragraphs 1 through 15 as if fully alleged herein.

36. This Count is being brought and is seeking relief exclusively under the Family Medical Leave Act, 29 U.S.C. Chapter 28, with this Court having jurisdiction under section 107 of the Family Medical Leave Act.

37. Plaintiff filed a valid claim for intermittent leave, based on the medical recommendations made by his treating physician.

38. Plaintiff took legitimate, verified medical leave qualified for protection under the Family Medical Leave Act.

39. Plaintiff provided to Defendants all information and medical verification requested and needed to justify missing work periodically due to his handicap and condition.

40. Despite having this information, and knowing that Plaintiff had applied for FMLA leave protection, Defendants disciplined Plaintiff for taking leave, refusing to protect his position, refusing to allow him to return to work at all from August 9, 2018 to November 15, 2018, and by changing the terms, conditions and location of his employment thereafter, all in violation of the Family Medical Leave Act.

41. Plaintiff's FMLA application and leave were substantial motivating factors in Defendant's actions regarding his employment as set forth above.

42. In addition, Plaintiff was required to obtain an attorney to represent her for this action and is entitled to the payment of reasonable attorney's fees and costs related to this action.

43. As a result, Plaintiff is entitled to the following damages: past and future pecuniary losses including lost wages and other financial and fringe benefits of employment, emotional pain, suffering, inconvenience, mental anguish, embarrassment,

anxiety, loss of dignity, attorney's fees and costs, and other non-pecuniary and intangible injuries.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, including compensatory damages, litigation expenses or costs and such further relief as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this ___19th___ day of December, 2019.

SMITH, FEDDELER, SMITH, P.A.

_____
Mark G. Capron, Esquire
Florida Bar #: 0039748
SMITH FEDDELER & SMITH, P.A.
P.O. Drawer 1089
Lakeland, FL 33802
863-688-7766 Office
863-687-7258 Facsimile
Primary : mcapron@all-injuries.com
Secondary: vlawton@all-injuries.com
ATTORNEY FOR PLAINTIFF

Filing # 100614098 E-Filed 12/19/2019 05:19:59 PM

### IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT COURT
### IN AND FOR ORANGE COUNTY FLORIDA CIVIL DIVISION

DARRYL VACHON,

    Plaintiff,                                 CASE NO.:   2019-CA-15404-O

v.

AKAL SECURITY, INC., and
METROPOLITAN SECURITY SERVICES, INC.
D/B/A WALDEN SECURITY

    Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA
To each Sheriff of the State:

    You are COMMANDED to serve this Summons and a copy of the Complaint or Petition to Defendant in this action on the following Defendant:

**AKAL SECURITY, INC., by serving its Designated Agent:   Corporation Service Company, 1201 Hays Street, Tallahassee, FL   32301.**

    Each Defendant is required to serve written defenses to the Complaint or Petition on **Mark G. Capron, Esquire, Smith, Feddeler & Smith, P.A.,** 832 S. Florida Avenue, Lakeland, Florida, 33801, 863-688-7766, Attorney for Plaintiff, within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.   If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

    DATED on ___DEC. 23_____, 2019.



                                          Tiffany Moore Russell
                                          **As Clerk of Said Court**

                                          Rosa Aviles, 2019-12-23 15:12:
                                     By: Deputy Clerk 11
                                            DEPUTY CLERK

                                          **425 North Orange Ave.**
                                          **Suite 350**
                                          **Orlando, Florida 32801**

Filing # 100614098 E-Filed 12/19/2019 05:19:59 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT COURT
## IN AND FOR ORANGE COUNTY FLORIDA CIVIL DIVISION

DARRYL VACHON,

    Plaintiff,

CASE NO.: 2019-CA-15404-O

v.

AKAL SECURITY, INC., and
METROPOLITAN SECURITY SERVICES, INC.
D/B/A WALDEN SECURITY

    Defendant.
_____/

### SUMMONS

THE STATE OF FLORIDA
To each Sheriff of the State:

    You are COMMANDED to serve this Summons and a copy of the Complaint or Petition to Defendant in this action on the following Defendant:

**METROPOLITAN SECURITY SERVICES, INC. D/B/A WALDEN SECURITY, by serving its Designated Agent: NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324.**

    Each Defendant is required to serve written defenses to the Complaint or Petition on **Mark G. Capron, Esquire, Smith, Feddeler & Smith, P.A.,** 832 S. Florida Avenue, Lakeland, Florida, 33801, 863-688-7766, Attorney for Plaintiff, within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED on ___DEC. 23___, 2019.

    Tiffany Moore Russell

    **As Clerk of Said Court**

    Rosa Aviles, 2019-12-23 15:13:
    By Deputy Clerk 06
    DEPUTY CLERK



    **425 North Orange Ave.**
    **Suite 350**
    **Orlando, Florida 32801**

Filing # 102848930 E-Filed 02/06/2020 10:38:40 AM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT COUT
## IN AND FOR ORANGE COUNTY FLORIDA CIVIL DIVISION

Darryl Vachon,

      Plaintiff,

vs.                                  CASE NO.: 2019-CA-15404-O

Akal Security, Inc., and
METROPOLITAN SECURITY SERVICES, INC.
D/B/A WALDEN SECURITY

      Defendant.
_____/

### NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff, Darryl Vachon, by and through the undersigned attorney, hereby gives notice of his voluntary dismissal without prejudice of his claim against Defendant, Metropolitan Security Services, Inc. d/b/a Walden Security, in the above-captioned matter.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed thorough the Florida Court's E-Filing Portal on this __6th__ day of __February__, 2020, and that the Portal will contemporaneously serve a true copy of this document to all counsel of record.

By:_____
Mark G. Capron, Esquire
SMITH FEDDELER & SMITH P.A.
Florida Bar No. 0039748
832 South Florida Avenue
Lakeland, Florida 33801
(863) 688-7766
Attorney for Plaintiff
mcapron@sfsmlaw.com